NOT FOR PUBLICATION [Docket No. 72]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> LEROY BROOKS | Crim. No. 14-382 (RMB) <br><br> **SUPPLEMENTAL OPINION** |

Appearances:

Matthew J. Skahill, AUSA
U.S. Attorney's Office
401 Market Street, 4th Floor
Camden, NJ 08101

Mala Ahuja Harker, AUSA
U.S. Attorney's Office
970 Broad Street, 7th Floor
Newark, NJ 07102
    Attorneys for United States of America

Richard Sparaco, Esquire
1920 Fairfax Avenue
Cherry Hill, NJ 08003
    Attorney for Defendant

**BUMB,** United States District Judge:

   This matter comes before the Court upon Defendant's Motion In Limine to Preclude the Government from Introducing Statements Elicited from the Defendant during his July 18, 2013 Proffer

1

Meeting [Docket No. 72].  In his motion, Defendant Brooks contends that he did not knowingly and voluntarily waive certain rights when he signed a proffer agreement prior to meeting with representatives of the U.S. Attorney's Office on July 18, 2013. Specifically, Defendant maintains that he was not advised and did not know that his proffer statements could be used to rebut arguments and evidence put forth on his behalf by defense counsel at trial.  The Court held a hearing on October 23, 2015, at which the Court heard oral argument from the Government and defense counsel, as well as the testimony of the Defendant, the Defendant's former counsel, Mr. Michael Riley, and Special Agent Greg Sheridan.  For the reasons set forth on the record on October 23, 2015 and for the reasons detailed below, the Court grants Defendant's Motion In Limine.

   I.   **Factual and Procedural Background**

   In a four-count superseding indictment, Defendant Leroy Brooks is charged with conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a); conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846; felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and § 2; and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(i) and § 2.

In the hopes of receiving a favorable plea agreement and on the advice of his then-counsel, Mr. Michael Riley, Defendant Brooks met with the Government for a proffer session on July 18, 2013. The Defendant has since elected to proceed to trial. His trial is scheduled to begin on December 7, 2015.

On July 18, 2013, Defendant Brooks and Mr. Riley met with DEA Special Agent Mike Terhune, ATF Special Agent Greg Sheridan, and Assistant U.S. Attorney Matt Skahill for a proffer session. Prior to beginning the session, Mr. Riley and the Defendant met in private and discussed the nature of the proffer agreement and the rights Defendant would waive by signing the proffer letter and agreeing to speak with the Government. Before giving his statements to the Government, the Defendant and Mr. Riley signed a proffer letter setting forth the ground rules for the session. Paragraph 4, at issue in the Defendant's present motion, reads:

> The government may use your client's statements and any information provided by your client to cross-examine your client <u>and to rebut any evidence or arguments offered on your client's behalf</u>.

Exhibit A to Def. Motion [Docket No. 72] (emphasis added).

Defendant now moves <u>in limine</u> to preclude the Government from using the statements made by him during this proffer session to rebut his counsel's arguments and evidence at trial,

3

claiming that he did not fully comprehend the meaning of the rights he waived in Paragraph 4, specifically the latter part underlined above.  The Government has opposed.[1]

## II.  The October 23, 2015 Hearing

On October 23, 2015, the Court heard oral argument on the instant motion and the testimony of the Defendant, Mr. Riley, and Special Agent Sheridan.  Mr. Riley credibly testified that, prior to signing the proffer letter, he explained Paragraph 4 in detail.  As to the latter provision of Paragraph 4, underlined above, he provided examples for the benefit of his client because it is an admittedly "confusing" provision.  As Mr. Riley testified, "these words can cause confusion," and it is "not an easy provision to understand if you just read it."  Mr. Riley further explained to the Court that he was forced to learn its significance the "hard way" in a trial several years ago.  During that trial, the Government successfully argued that it

---

[1] The Defendant's Motion In Limine and the briefing in support of and in opposition to the motion have been filed under seal.  See Docket Nos. 72, 76, 77, 78.  No corresponding motions to seal have been filed.  The Court denied the Defendant's request to seal the proceedings related to this motion on the record on October 15, 2015.  The parties shall file public versions of these documents within seven (7) days, with redactions as appropriate.  The Court will allow specific references to the content of the statements made by the Defendant during the July 18, 2013 proffer session with the Government to be redacted.

was permitted to introduce the defendant's proffer statements to rebut Mr. Riley's cross-examination of a witness in an attempt to elicit evidence inconsistent with his client's proffer statements. Since then, Mr. Riley testified, he has made sure to explain all the ramifications of this provision of Paragraph 4 to his clients.

Similarly, Special Agent Sheridan testified credibly that it is AUSA Skahill's general practice to specifically go over Paragraph 4 before beginning a proffer session. Special Agent Sheridan further testified that had AUSA Skahill not explained Paragraph 4 to Defendant Brooks, Agent Sheridan would have himself reminded AUSA Skahill to do so.

Finally, the Defendant testified and, for the first time, now contends that he was not made aware of _any_ of the rights he gave up by signing the proffer letter and, specifically, agreeing to Paragraph 4. He testified that not only did he not know that his statements could be used to rebut arguments or evidence put forth by defense counsel at trial, but also that he did not understand that those statements could be used against him if he testified inconsistently at trial.

After much questioning of the Defendant by his attorney and AUSA Skahill, the Court questioned the Defendant regarding his

current understanding of the proffer agreement and, specifically, Paragraph 4.  While he now understands that his proffer statements could be used to impeach his own inconsistent testimony at trial, he also believes that his attorney could be "questioned" at trial should he make arguments that are contrary to the Defendant's proffer statements.  The Defendant's testimony demonstrated to the Court that the Defendant, even now, does not understand the rights he waived by signing the proffer letter.  This is after his previous lawyers, current lawyer, AUSA Skahill, and even the Court attempted to explain the provision to him.

### III. Discussion

Statements made by a prospective defendant to prosecutors and agents during a proffer session are generally inadmissible. See Fed. R. Evid. 410; Fed. R. Crim. P. 11(f).  However, a defendant may waive the protections afforded by Rule 410, provided that the waiver is knowing and voluntary.  United States v. Mezzanatto, 513 U.S. 196, 210 (1995); United States v. Hardwick, 544 F.3d 565, 569-70 (3d Cir. 2008); United States v. Mayfield, 361 F. App'x 425, 531 (D.N.J. 2010).  The Government bears the burden of establishing, by the preponderance of the evidence, that the waiver was knowing and voluntary.  Colorado

v. Connelly, 479 U.S. 157, 168 (1986); Mayfield, 361 F. App'x at 431.

A waiver is "knowing" if it is "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," and it is "voluntary" provided that it is "the product of a free and deliberate choice rather than intimidation, coercion or deception."  United States v. Sellers, 501 F. App'x 194, 198-99 (3d Cir. 2012) (citing United States v. Velasquez, 885 F.2d 1076, 1084 (3d Cir. 1989)).  There is no evidence of intimidation, coercion, or deception before this Court.  To the contrary, the Court finds the testimony of Mr. Riley and Special Agent Sheridan credible and persuasive and believes that Mr. Riley explained the ramifications of Paragraph 4 to the best of his ability.  The inquiry ultimately turns not on whether the rights being waived in Paragraph 4 were adequately explained to the Defendant, but on whether he actually comprehended the explanations given to him by his attorney and the Government.

Where there is an "affirmative indication that the agreement [to waive] was entered into unknowingly or involuntarily," the Government may not use a defendant's proffer statements against him at trial.  Hardwick, 544 F.3d at 570-71

7

(quoting Mezzanatto, 513 U.S. at 210). It is clear to the Court that Defendant Brooks did not understand that by signing the proffer letter, he permitted the Government to use his proffer statements to rebut his attorney's arguments and evidence at trial. In fact, the Defendant's testimony makes clear that he still does not fully comprehend the right he waived. Try as it could, even the Court could not get the Defendant to fully comprehend the latter provision of Paragraph 4. Although one might argue that the Defendant's ignorance was contrived, this Court does not agree. The Court had the opportunity to assess the Defendant's demeanor and credibility and it finds that Defendant Brooks was genuinely confused by what Mr. Riley correctly labeled a confusing provision, particularly for someone not schooled in the law. This Court holds that, through no wrongdoing or fault of his attorney or the Government, the Defendant's waiver as to the second prong of Paragraph 4 only was not knowing and therefore cannot be enforced.[2]

---

[2] The Defendant has only moved to preclude the Government from using his statements made at the July 18, 2013 proffer session to rebut any evidence or arguments offered by defense counsel on his behalf at trial. The Defendant has not moved to preclude the Government's use of such statements should the Defendant choose to testify at trial. Although no such motion has been made, the Court notes that such a motion would likely be denied. The evidence before this Court strongly indicates that Defendant

**IV. Conclusion**

For the foregoing reasons and for the reasons set forth on the record on October 23, 2015, Defendant's Motion In Limine is granted.  The Government may not introduce any of Defendant's statements made during the July 18, 2013 proffer session with the Government to rebut any evidence or arguments offered on Defendant's behalf at trial.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE

Dated: October 27, 2015

---

Brooks understood the first prong of Paragraph 4, namely that his proffer statements could be used to impeach him should he testify at trial. The Defendant's testimony that he did not understand this fairly straightforward concept was not credible. Moreover, the Defendant raised this issue for the first time on October 23, 2015, despite having had the opportunity to raise it when his counsel filed the instant motion in August 2015. Additionally, Defendant Brooks signed an affidavit dated August 26, 2015 in which he certified under oath that "It was specifically explained to me [at the proffer] that nothing I said could be used against me at trial, unless I chose to testify."  Ex. B to Def. Motion ¶ 6 [Docket No. 72].  Finally, as discussed above, Mr. Riley testified credibly that he explained this prong to the Defendant, a person who has had significant experience with the criminal justice system.  In sum, the Court finds the Defendant's testimony on this issue implausible and incredible.