**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Civil Action No. 14-382(RMB) |
| v. | : | |
| | : | **OPINION** |
| LEROY BROOKS | : | |

**Bumb, J.**

Defendant Leroy Brooks stood trial on a Second Superseding Indictment which charged him with: (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; (2) conspiracy to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846; (3) possessing multiple firearms in furtherance of the robbery and drug-trafficking conspiracies, in violation 18 U.S.C. § 924(c); and (4) possessing multiple firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This Court conducted a bifurcated trial, on January 19, 2016, and the jury ultimately convicted Brooks on all counts. On March 24, 2017, the Court sentenced Brooks to 270 months' imprisonment.

Brooks raised five issues on appeal, only one of which is now before this Court. The Court of Appeals

affirmed the judgment of conviction and sentence but "vacate[d] the District Court's discovery order and remand[ed] for limited post-judgment proceedings consistent with United States v. Washington," 869 F.3d 193 (3d Cir. 2017), a case decided post-conviction. United States v. Brooks, 734 F. App'x 120, 125 (3d Cir. 2018) (non-precedential). In so ordering, the Court emphasized that it was "not directing the District Court to grant discovery" and was "commit[ing] the inquiry to the District Court's considerable discretion." Id. Thus, this Court is to consider the narrow issue: whether Brooks has proffered "'some evidence' of discriminatory intent and non-enforcement." Washington, 869 F.3d at 220-221.

In his pretrial motions, Defendant, an African-American, moved to dismiss the charges for selective enforcement and sought discovery regarding the stash-house sting operation run by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). This Court denied the motion, concluding that Defendant had failed to meet the requirements for obtaining discovery under United States v. Armstrong, 517 U.S. 456 (1996). On appeal, Defendant argued that this Court erred in applying Armstrong to his discovery motion. According

to the Third Circuit's opinion, the Government conceded that in light of Washington, a case decided after the Defendant's Notice of Appeal, this Court "clearly erred in evaluating Brooks' discovery motion under Armstrong." 734 Fed. Appx. at 125.[1] The Court of Appeals vacated this Court's prior Order and issued a remand for "limited post-judgment proceedings consistent with Washington." Id.

Brooks contends that, consistent with Washington, he has shown evidence that the investigative techniques employed by ATF in stash house robbery stings reasonably infer a discriminatory intent of unconstitutionally targeting people of color because of their race. Specifically, Brooks points to the fact that the Government had brought several reverse sting stash-house cases in the District of New Jersey in recent times, including the following:

> United States v. Shawn Cannon,
> Criminal No.: 11-783(RMB);
>
> United States v. Anthony Dickey,
> Criminal No.: 13-0222 (RBK-2);
>
> United States v. Malcom Brown et al,
> Criminal No.: 11-545 (RBK-1);

---

[1] The Government, however, did not confess clear error, but plain error in light of the change in the law. The Government also argued on appeal that the Defendant never argued for a standard other than Armstrong and therefore forfeited his objection.

3

<u>United States v. Robert Smith</u>, Criminal No.: 14-0152 (NLH-1); and the present case, <u>United States v. Brooks</u>. In each of these cases, Brooks argues, all of the defendants and respective co-defendants were either African-American or minority. As Defendant argues, "the very notion of these cases raises concerns about Government overreach. The Government initiates the criminal proposal, writes the script, determines the supposed drug quantities, hypothecates the supposed obstacles to be overcome, and thus dictates the resources and means that potential participants would have to adopt to qualify as acceptable to the undercover agent posing as a criminal confederate." Def. Brief, at 5.

In addition, during the pre-trial stage Brooks identified several Caucasian individuals with known ties to Burlington County whom public records showed to have involved themselves in robbery and/or weapons offenses whom, Brooks argued, "law enforcement authorities might have targeted on the same purported criteria that supposedly rendered Brooks, through Morales, as a target." Def. Brief, at 3. Yet, the Government presented no evidence of approaching these non-minority "candidates". <u>Id.</u>

Finally, Brooks points to the case, <u>United States v. Robert Smith</u>, Crim. No. 14-152 (D.N.J.) (Hillman, J.) which involves

issues almost identical to those here.  Although the defendant in that case requested broader discovery, Judge Hillman ordered that the Government turn over:

   a. A list of each defendant in each stash house robbery sting conducted by ATF from 2007 to the present that has been prosecuted in the District of New Jersey;

   b. The race of each defendant, if known;

   c. Whether informants were used in the investigations that led to prosecutions and, if so, the race of the informants, if known;

   d. Whether the informant initiated contact with the defendant or the defendant initiated contact with the informant;

   e. The hometown or community of the defendant, as it was known to the ATF at the time of ATF's investigation of the defendant;

   f. In the event that an informant did not bring the defendant to the ATF's attention, how that defendant came to the ATF's attention;

   g. In the case of ATF stash house robbery sting investigations between 2007 and the present in the District of New Jersey that did not result in arrest or prosecution:

      (i)    The race of the individual investigated ("target"), if known;

      (ii)   The race of the informant, if known, who participated in the investigation of the target;

      (iii)  Whether the informant initiated contact with the target or the target initiated contact with the informant; and the reason, if known, why the target was not arrested; and

h. The portions of the so-called ATF "manual" in effect
      during the ATF's investigation into Robert Smith and
      his co-defendants that specify the selection and
      initiation criteria for targets for home invasion
      robbery reverse stings.

<u>See</u> Civil Action No. 14-152, Docket No. 177.

Brooks requests that the Court order the Government to provide the discovery necessary to establish the defense theory of selective enforcement. More specifically, Defendant seeks:

1. A list of all fictional stash house cases brought by
   the U.S. Attorney's Office for the District of New
   Jersey for the last three years. Specifically
   the stash house cases that investigations were
   conducted by the ATF.

2. All ATF materials, circulars, training materials which
   discuss how reverse stings or phony stash house
   robberies are to be run, how targets are selected and
   what processes are used to endure that the targets,
   once selected, were manipulated to maintain their
   interest in the phony robberies.

3. All information regarding how supervisors in the ATF
   offices located in the District of New Jersey
   supervise and determine that their agents are not
   targeting individuals on the basis of their race.

Defendant's proposed order seeks:

1. A list by case name and number of each defendant in
   every stash house robbery sting case conducted in
   Pennsylvania, New Jersey, and Delaware by the Field
   Office of the Bureau of Alcohol, Tobacco, Firearms,
   and Explosives ("ATF") responsible for investigation
   in these states that occurred from 2007 until 2014
   and was prosecuted. This list should also include:

   a. The race of each defendant.

   b. Whether an informant was used in the
      investigation that led to the prosecution,
      and if so, the race of the informant.

c. Whether the informant initiated contact
      with the defendant or the defendant
      initiated contact with the informant.

2. A list of every stash house robbery sting
   investigation conducted by the Field Office of ATF
   responsible for investigations in Pennsylvania, New
   Jersey, and Delaware been 2007 and 2014 that did not
   result in arrest or prosecution. The list shall
   also include:

   a. The race of the individual investigated
      ("target").

   b. The race of any informant who participated
      in the investigation of the target.

   c. Whether the informant initiated contact with
      the target or the target initiated contact
      with the informant.

   d. The reason, if known, why the target was not
      arrested.

As noted, this Court's decision is now governed by the Washington standard. Although it is a more relaxed standard than Armstrong, the Third Circuit explained:

> While *Armstrong/Bass* remains the lodestar, a district court retains the discretion to conduct a limited pretrial inquiry into the challenged law-enforcement practice on a proffer that shows "some evidence" of discriminatory effect. The proffer must contain reliable statistical evidence, or its equivalent, and may be based in part on patterns of prosecutorial decisions (as was the case in *Davis*) even if the underlying challenge is to law enforcement decisions. Distinct from what is required under *Armstrong/Bass*, a defendant need not, at the initial stage, provide "some evidence" of discriminatory intent, or show that (on the effect prong) similarly situated persons of a different race or equal protection classification were not arrested or investigated by law enforcement. However, the proffer must be strong enough to support

7

> a <u>reasonable inference of discriminatory intent and non-enforcement.</u>

<u>Washington</u>, 869 F.3d at 220-21 (emphasis added).

"[C]ourts contemplating motions for discovery on selective enforcement claims must still be guided by the spirit of <u>Armstrong/Bass</u>, which incorporates the demands placed on the underlying substantive claims, not just 'some evidence,' but the heightened 'clear evidence' standard." <u>Id.</u> at 220. Moreover, as the Government points out, the Third Circuit was clear that the District Court need not grant discovery – even limited discovery – even if the above showing has been met. "If a district court finds the above has been met, it may conduct limited inquiries of the sort recommended in" <u>United States v. Davis</u>, 793 F.3d 712 (7th Cir. 2015)(en banc). <u>Washington</u>, 869 F.3d at 221 (emphasis added).

The Government argues that Brooks' proffer fails to support a reasonable inference of discriminatory intent and non-enforcement. Reference to the races of defendants charged in other cases and a "laundry list of white males from Burlington County" is insufficient, the Government contends. Govt. Brief, at 7.

The Court disagrees with the Government, in part. The Court finds that, at this stage, Brooks has presented a sufficient proffer to support a "reasonable inference" of

8

discriminatory intent, and, thus, the Court will permit some limited discovery which may or may not lead to additional discovery to which the Defendant may be entitled. That all of the recent prosecutions supposedly involved only African-American or minority defendants may be enough, if true, to obtain additional discovery. Thus, Defendant may be permitted limited discovery as to this issue, as well as to investigations that did not result in arrest or prosecution. Furthermore, because the ATF has already been directed to turn over its manual in the Smith case, the Court sees no harm in ordering that it be turned over in this case.[2] Accordingly, the Court will issue an Order consistent with this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: January 18, 2019

---

[2] Defendant makes the argument that he should be entitled to at least the discovery that was ordered in the Smith case. This Court, however, is not bound by the decision, and it will order limited discovery at this time. If it turns out that such limited discovery counsels in favor of additional discovery the Court will address the discovery requests at that time.